1  LAURA R. PETROFF (SBN: 123215)
   lpetroff@winston.com
2  WINSTON & STRAWN LLP
   333 S. Grand Avenue
3  Los Angeles, CA 90071-1543
   Telephone:    (213) 615-1700
4  Facsimile:    (213) 615-1750

5  RAQUEL M. MASON (SBN: 301747)
   rmason@winston.com
6  WINSTON & STRAWN LLP
   101 California Street, 35th Floor
7  San Francisco, CA 94111
   Telephone:    (415) 591-1000
8  Facsimile:    (415) 591-1400

9  Attorneys for Defendants
   MEDTRONIC, INC.
10 MICHAEL JARO

11                          **UNITED STATES DISTRICT COURT**

12                          **NORTHERN DISTRICT OF CALIFORNIA**

13

14 DR. DAVID RUSCHKE, an individual,         )   **Case No.**
                                             )
15              Plaintiff,                    )   **(Sonoma County Superior Court Case No.**
                                             )   **SCV-261529)**
16         v.                                 )
                                             )   **DEFENDANTS' NOTICE OF REMOVAL**
17 MEDTRONIC, PLC., formerly MEDTRONIC,       )   **TO FEDERAL COURT**
   INC.; KEITH JARO, an individual, and DOES )
18 1 through 10, inclusive,                   )
                                             )
19              Defendants.                   )
                                             )
20 _____   )

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, Defendants Medtronic, Inc. ("Medtronic, Inc.") and Michael Jaro (erroneously sued as "Keith Jaro") ("Jaro") (collectively, "Defendants") hereby remove the above-captioned matter from the Superior Court of the State of California in and for the County of Sonoma, to this Court. In support of their request, Defendants state as follows:

## I.    INTRODUCTION

1.    This case is hereby removed from the state court to federal court pursuant to 28 U.S.C. § 1332 because, at the time the Complaint was filed, and at this time: (1) complete diversity of citizenship exists between the parties; and (2) the claims of Plaintiff Dr. David Ruschke ("Plaintiff") exceed $75,000 exclusive of interest and costs. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

## II.    THE STATE COURT ACTION IN THIS CASE

2.    On November 13, 2017, an action was commenced in the Superior Court for the State of California in and for the County of Sonoma entitled *Dr. David Ruschke v. Medtronic, PLC., formerly Medtronic, Inc., et al.,* Case No. SCV-261529. A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u>. The Complaint was brought against Medtronic, PLC[1] (which the Complaint erroneously states was "formerly Medtronic, Inc.") and Michael Jaro (erroneously sued as "Keith Jaro") and alleges claims for: (1) wrongful termination; (2) retaliation in violation of California's Fair Employment and Housing Act ("FEHA"); (3) disability discrimination in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) sexual orientation discrimination in violation of FEHA; (6) failure to accommodate in violation of FEHA; (7) failure to pay wages and expenses harassment on the basis of race in violation of FEHA; and (8) false light.

3.    On March 22, 2018, Plaintiff filed a Doe Amendment to the Complaint pursuant to Cal. Code of Civil Procedure § 474, amending the Complaint to replace DOE 1 with Medtronic, Inc. A true and correct copy of the Doe Amendment to Complaint is attached hereto as <u>Exhibit B</u>.

---

[1] Plaintiff has failed to serve Medtronic, PLC, which is incorporated and headquartered in Dublin, Ireland and not authorized to do business in California. Plaintiff was employed by Medtronic, Inc., not Medtronic, PLC.

1

4. On April 26, 2018, Defendants filed a general denial and affirmative defenses to the Complaint in the Superior Court of the State of California in and for the County of Sonoma. A true and correct copy of Defendants' general denial is attached hereto as <u>Exhibit C</u>.

## III. JOINDER

5. Defendants are not aware of any other defendant having been served with a copy of the Complaint.

## IV. BASIS FOR FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332

### A. The Parties to this Action Have the Required Diversity

6. Defendants allege that Plaintiff was at the time of the filing of this action, and still is, a citizen of the State of California. (*See also* Complaint ¶ 2.)

7. Defendant Jaro was at the time of the filing of this action, and still is, a citizen of a state other than California. Jaro was and is a citizen of Minnesota. (Declaration of Michael Jaro ("Jaro Decl.") ¶ 4.)

8. Defendant Medtronic, Inc. was at the time of the filing of this action, and still is, a citizen of a state other than California. Medtronic, Inc. was and is a citizen of Delaware (its state of incorporation) and Minnesota (its headquarters). *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

9. It appears from the caption of the Complaint that only Medtronic, PLC, Medtronic, Inc., and Jaro are defendants in this matter. The caption lists only "MEDTRONIC, PLC, formerly MEDTRONIC, INC.," "KEITH JARO," and "Does 1 through 20, inclusive" as defendants. There are no "Doe Defendants" in federal district court. For purposes of removal "the citizenship of defendants sued under fictitious names *shall* be disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added). Codefendants not served need not join in the removal for removal to be proper. *Destino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011).

10. Complete diversity of citizenship thus exists in accordance with 28 U.S.C. § 1332(a)(1) because Plaintiff has been a California citizen at all relevant times, Defendants have been citizens of a state other than California at all relevant times, and no other defendant is named.

**B.      The Amount in Controversy Exceeds $75,000**

11.      Plaintiff does not specifically allege an amount of damages in the Complaint or allege that the amount in controversy is less than $75,000. Where a complaint does not state a total amount in controversy, Defendants need only show by a preponderance of the evidence that the amount in controversy requirement has been met. *Caus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992); *McNutt v. Gen. Motors Acceptance Corp.*, 298, U.S. 178, 179 (1936). As the Ninth Circuit has explained, "[t]he amount in controversy is simply an estimate of the total amount in dispute." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). To determine the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations and brackets omitted). Courts in the Ninth Circuit have consistently held that "in an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount." *Haase v. Aerodynamics Inc*., No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *3 (E.D. Cal. 2009) (citing *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co*., 465 F.2d 489, 491 (9th Cir. 1972)).

12.      Based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

**Economic Damages:** Plaintiff has alleged that he was "forced to exercise stock options he ordinarily would not have exercised, based upon the failure of MEDTRONIC to communicate with him concerning whether he was required to exercise such options." (Complaint ¶ 82.) Plaintiff alleges that "[a]s a direct and proximate result of MEDTRONIC's failure to communicate with DR. RUSCHKE, he was forced to exercise options earlier than he ordinarily would have, resulting in a loss in excess of $100,000." (Complaint ¶ 83). This allegation alone places **$100,000** in controversy, in excess of the jurisdictional threshold.

**Emotional Distress:** Plaintiff alleges he is entitled to damages for emotional distress. (*See* Complaint ¶¶ 92, 106, 122, 135, 147, 159, 168, Prayer.) Plaintiff's annual income while he was employed by Medtronic, Inc. exceeded $200,000. Calculating Plaintiff's claim for emotional distress damages at the equivalent of one year of pay (without admitting that it will equal that at trial),

1  Defendants have conservatively calculated Plaintiff's claim for emotional distress damages at

2  **$200,000.**

3                **Attorney's Fees:** Plaintiff alleges that he is entitled to attorneys' fees. (*See*

4  Complaint, Prayer.) Where the underlying substantive law provides for an award of attorney's fees,

5  the Court may properly include a reasonable estimate of attorney's fees when determining the

6  amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also*

7  *Brady v. Mercedes Benz USA*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). California

8  Government Code § 12965(b) provides for attorney's fees for a prevailing party in a FEHA action,

9  and Plaintiff asserts claims for such fees. (*See, e.g.,* Complaint, Prayer.) Plaintiff's attorney will

10  spend at least 300 hours litigating this case, and calculating attorney's fees at a rate of $300 per hour,

11  *attorney's fees alone* would total **$90,000** should Plaintiff prevail and be awarded attorney's fees,

12  exceeding the amount in controversy requirement.

13                **Thus, the amount in controversy – taking into account *only* specifically alleged**

14  **economic damages, emotional distress damages, and attorney's fees – is at least $390,000.** This

15  amount well exceeds the jurisdictional minimum of $75,000.00 set forth in 28 U.S.C. § 1332(a).

16  **V.  COMPLIANCE WITH STATUTORY REQUIREMENTS**

17         13.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §

18  1332 because it is a civil action between citizens of different states in which citizens and subjects of

19  a foreign state are additional parties and the amount in controversy exceeds the sum of $75,000,

20  exclusive of costs and interest, and is one which may be removed to this Court under the provisions

21  of 28 U.S.C. § 1441(a).

22         14.  Pursuant to 28 U.S.C. § 1446(a), Defendants have attached as <u>Exhibit A</u>, a true and

23  correct copy of the Complaint in this action; as <u>Exhibit D</u>, Plaintiff's Case Management Conference

24  Statement; and as <u>Exhibit B</u>, the Doe Amendment of Complaint. These are the only process,

25  pleading, or order served on Defendants up to the date of filing this Notice of Removal.

26         15.  In accordance with 28 U.S.C. § 1446(b), this notice is timely filed with this Court. 28

27  U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed

28  within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Defendant Medtronic, Inc. was personally served with Plaintiff's Complaint and Doe Amendment of Complaint on March 29, 2018. Defendant Jaro was served via email to counsel on April 12, 2018. Defendant Medtronic, PLC has not been served. Accordingly, this Notice of Removal is timely.

16.    As required by 28 U.S.C. 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Sonoma.

WHEREFORE, Defendants request that these proceedings, titled *Dr. David Ruschke v. Medtronic, PLC., formerly Medtronic, Inc., et al.,* Case No. SCV-261529, currently pending in the Superior Court of the State of California in and for the County of Sonoma, be removed to this Court.

Dated: April 27, 2018                    WINSTON & STRAWN LLP


By:   */s/ Laura R. Petroff*
      Laura R. Petroff
      Raquel M. Mason
      Attorneys for Defendants

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT