# EXHIBIT C

ENDORSED
FILED

APR 2 6 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1   LAURA R. PETROFF (SBN: 123215)
    lpetroff@winston.com
2   WINSTON & STRAWN LLP
    333 S. Grand Avenue
3   Los Angeles, CA 90071-1543
    Telephone:    (213) 615-1700
4   Facsimile:    (213) 615-1750

5   RAQUEL M. MASON (SBN: 301747)
    rmason@winston.com
6   WINSTON & STRAWN LLP
    101 California Street, 35th Floor
7   San Francisco, CA 94111
    Telephone:    (415) 591-1000
8   Facsimile:    (415) 591-1400

9   Attorneys for Defendants
    MEDTRONIC, INC.
10  MICHAEL JARO

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF SONOMA

14

15  DR. DAVID RUSCHKE, an individual,        )   Case No. SCV-261529
                                             )
16            Plaintiff,                      )
                                             )
17       v.                                   )   DEFENDANTS' GENERAL DENIAL TO
                                             )   PLAINTIFF'S COMPLAINT
18  MEDTRONIC, PLC., formerly MEDTRONIC,      )
    INC.; KEITH JARO, an individual, and DOES )
19  1 through 10, inclusive,                  )   Complaint Filed: November 13, 2017
                                             )
20            Defendants.                     )
                                             )
21  _____ )

22

23

24

25

26

27

28

                        DEFENDANTS' GENERAL DENIAL TO COMPLAINT

Defendants Medtronic, Inc. and Michael Jaro (erroneously sued as "Keith Jaro") ("Defendants") hereby respond to the unverified Complaint of Plaintiff Dr. David Ruschke ("Plaintiff") in the above-captioned matter, as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation contained in the Complaint.  Defendants further deny that Plaintiff is entitled to any relief and deny that Plaintiff was damaged in the nature alleged, or in any other manner, or at all.  Further, Defendants deny that Plaintiff has sustained any injury, damage or loss by reason of any conduct, action, error or omission on the part of Defendants, or any agent, employee or any other person acting under Defendants' authority or control.

## AFFIRMATIVE DEFENSES

As for separate and additional defenses to each of Plaintiff's purported causes of action, without conceding that they bear the burden of proof or persuasion as to any of the issues raised in these defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to State a Cause of Action)

1.      The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendants, and/or fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation including, but not limited to, Government Code Sections 12960 and 12965(b), Code of Civil Procedure Sections 335.1, 338, 343, and all other applicable limitations, statutes and requirements.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.      Plaintiff's claims are barred in whole or in part because Plaintiff failed to satisfy all of

1

1  the administrative, procedural, and jurisdictional prerequisites necessary to maintain his purported

2  causes of action under the California Fair Employment and Housing Act ("FEHA"), the California

3  Labor Code, and any other applicable statute.

4  **FOURTH AFFIRMATIVE DEFENSE**

5  **(Failure to Mitigate Damages)**

6       4.     Plaintiff's alleged damages are barred, in whole or in part, because he failed to take

7  all reasonable, necessary and appropriate action to mitigate any purported damages allegedly

8  resulting from the matters set forth in the Complaint.

9  **FIFTH AFFIRMATIVE DEFENSE**

10  **(After-Acquired Evidence)**

11       5.     Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence

12  doctrine.

13  **SIXTH AFFIRMATIVE DEFENSE**

14  **(Undue Hardship)**

15       6.     Plaintiff's claims are barred, in whole or in part, because any accommodation needed

16  by Plaintiff would have required significant difficulty or expense for Defendants or otherwise

17  resulted in undue hardship. *See* Cal. Gov. Code § 12940(m); 2 Cal. C. Regs. § 11068(a).

18  **SEVENTH AFFIRMATIVE DEFENSE**

19  **(Avoidable Consequences)**

20       7.     Plaintiff's claims and/or alleged damages are barred, in whole or in part, because

21  Defendants had effective policies and procedures in place to prevent discrimination and retaliation,

22  and Plaintiff unreasonably delayed and/or failed to avail himself of those policies and procedures.

23  **EIGHTH AFFIRMATIVE DEFENSE**

24  **(Justification/Privilege/Good Faith)**

25       8.     Without admitting that Defendants engaged in the conduct alleged in this lawsuit,

26  Defendants contend that their conduct was at all times justified, privileged, and undertaken in good

27  faith and without any intent to injure Plaintiff.

28

2

DEFENDANTS' GENERAL DENIAL TO PLAINTIFF'S COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Good-Faith Reliance on Law)

9.      Plaintiff's claims are barred, in whole or in part, because all of Defendants' acts or omissions complained of by Plaintiff were in good faith and in conformity with, and in reliance on, an administrative regulation, order, ruling, approval and interpretation of applicable state and federal law.

## TENTH AFFIRMATIVE DEFENSE

### (FEHA Preemption)

10.      Plaintiff's claims, other than those arising within one year immediately preceding the filing of a valid administrative charge of discrimination with the California Department of Fair Employment and Housing, are preempted and barred by the Fair Employment & Housing Act, California Government Code Sections 12900, *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Punitive/Exemplary Damages)

11.      The Complaint fails to state facts sufficient to recover exemplary or punitive damages, and application of the punitive damages statute or standard violates the due process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Pre-Judgment Interest)

12.      Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to entitle Plaintiff to an award of pre-judgment interest.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Employment At Will)

13.      Plaintiff's claims are barred, in whole or in part, because his employment was terminable at will under Section 2922 of the California Labor Code and by agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

14.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Same Decision Absent Unlawful Motive)

15.     Plaintiff is barred, in whole or in part, from recovery of any damages from Defendants because even if any alleged unlawful animus motivated Plaintiff's termination (which it did not), other legitimate reasons would have caused Defendants to make the same decision, thus, barring an award of damages under *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (2013).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unqualified Worker)

16.     Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff claims that he was disabled, then Plaintiff could not perform the essential functions of his position, even with a reasonable accommodation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason/Necessity)

17.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred to the extent the alleged adverse acts against Plaintiff were lawful and proper based on the legitimate, non-discriminating and non-retaliatory business reasons/necessity unrelated to any alleged need for a leave of absence, any alleged disability, any alleged discriminatory intent, and/or any other illegal or improper purpose.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorney's Fees)

18.     Plaintiff's Complaint, and each purported cause of action therein, fails to state facts which would support an award of attorney's fees or any alleged retaliatory intent.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Offset/Recoupment)

19.     To the extent Plaintiff has sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations owed by Plaintiff, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Causation/Contribution)

20.     Plaintiff's claims are barred, in whole or in part, because the claims alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by others, or by Plaintiff's own acts or failures to act.  Defendants' acts or omissions to act were not the cause in fact or proximate cause of any injury that Plaintiff now claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Follow Company Policy)

21.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred to the extent the alleged adverse acts against Plaintiff were lawful and proper based on Plaintiff's failure to follow Company policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

22.     Plaintiff's claims are barred, in whole or in part, to the extent that they are subject to the exclusive remedy provisions of the Workers' Compensation Act, Labor Code Sections 3600, *et seq.*

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Request Reasonable Accommodation )

23.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to request a reasonable accommodation. *See* Cal. Gov. Code § 12940(n).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Identify Reasonable Accommodation)

24.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to identify a

reasonable accommodation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unauthorized Conduct)

25.     If any agent or employee of Defendants engaged in any alleged conduct that can be construed as tortious conduct, unlawful discrimination, harassment, and/or retaliation – and Defendants do not admit that any did – such conduct was unauthorized and outside of the course and scope of such individual's agency or employment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Not Knowing, Willful, or Intentional)

26.     Plaintiff's claims are barred, in whole or in part, because Defendants' conduct as alleged in the Complaint was not knowing, willful or intentional.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Administrative Preemption)

27.     Plaintiff's claims are barred in whole or in part because Plaintiff has adequate administrative remedy.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

28.     Defendants have retained attorneys in defense of Plaintiff's frivolous, unfounded, and unreasonable action and are thereby entitled, upon judgment in their favor, to an award of attorneys' fees and costs pursuant to Government Code section 12965.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

29.     Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel, including, but not limited to, the doctrines of issue preclusion and claim preclusion.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

30.     Defendants currently have insufficient knowledge or information on which to form a

belief as to whether it may have additional, as yet unstated, defenses available.  Defendants expressly reserve their right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That the Complaint be dismissed in its entirety, with prejudice, and judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants be awarded their costs and reasonable attorneys' fees incurred; and

4. That Defendants be awarded such other relief as this Court deems proper.

Dated: April 26, 2018

WINSTON & STRAWN LLP

By: _____
Laura Petroff
Raquel M. Mason
Attorneys for Defendants

DEFENDANTS' GENERAL DENIAL TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

**Case No. SCV-261529**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840.  On April 26, 2018, I served the following document:

**DEFENDANTS' GENERAL DENIAL TO PLAINTIFF'S COMPLAINT**

☒   by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at San Francisco, California,  addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

| | |
|---|---|
| Smith Patten<br>Dow W. Patten, Esq.<br>888 S. Figueroa St., Suite 2030<br>Los Angeles, CA  90017<br>Tel:     (213) 488-1300<br>Fax:    (213) 260-8501 | Attorneys for Plaintiff<br>Dr. David Ruschke |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 26, 2018 in San Francisco, California.

*Thelma Tannis*

Thelma Tannis

AmericasActive:12054701.1

1

PROOF OF SERVICE