1  LAURA R. PETROFF (SBN: 123215)
   lpetroff@winston.com
2  WINSTON & STRAWN LLP
   333 S. Grand Avenue
3  Los Angeles, CA 90071-1543
   Telephone:    (213) 615-1700
4  Facsimile:    (213) 615-1750

5  RAQUEL M. MASON (SBN: 301747)
   rmason@winston.com
6  WINSTON & STRAWN LLP
   101 California Street, 35th Floor
7  San Francisco, CA 94111
   Telephone:    (415) 591-1000
8  Facsimile:    (415) 591-1400

9  Attorneys for Defendants
   MEDTRONIC, INC.
10 MICHAEL JARO

11 DOW PATTEN (SBN: 135931)
   dow@smithpatten.com
12 888 Figueroa St., Suite 1120
   Los Angeles, CA 90017
13 Telephone:    (415) 402-0084
   Facsimile:    (415) 520-0104
14
   Attorney for Plaintiff
15 DAVID RUSHCKE

16                          **UNITED STATES DISTRICT COURT**

17                          **NORTHERN DISTRICT OF CALIFORNIA**

18

19 | DR. DAVID RUSCHKE, an individual, | ) | **Case No. 4:18-cv-02515-PJH** |
20 | Plaintiff, | ) | *[Case assigned to Hon. Phyllis J. Hamilton]* |
21 | v. | ) | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
22 | MEDTRONIC, PLC., formerly MEDTRONIC, INC.; KEITH JARO, an individual, and DOES | ) | |
23 | 1 through 10, inclusive, | ) | Date:   August 16, 2018
Time:   2:00 p.m.
Judge:  Hon. Phyllis Hamilton |
24 | Defendants. | ) | Complaint Filed: November 13, 2017
Removal Filed:   April 27, 2018
Trial Date:      None Set |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Northern District Local Rule 16, and the Standing Order for All Judges of the Northern District of California regarding Contents of Case Management Statements, Plaintiff David Ruschke, and Defendants Medtronic, Inc. and Michael Jaro (collectively, "Defendants"), hereby submit this Joint Case Management Conference Statement.

### I.  JURISDICTION AND SERVICE

Plaintiff filed his complaint in the Sonoma County Superior Court on November 13, 2017 against Medtronic, PLC and Michael Jaro (erroneously sued as "Keith Jaro"). On March 22, 2018, Plaintiff amended his complaint to add Medtronic, Inc. as a Doe Defendant.

On April 27, 2018, Defendants removed the matter to this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441 (Dkt. No. 1). The parties do not dispute that this Court has jurisdiction and that this is the proper venue for this action.

Medtronic, PLC is a named Defendant and has not been served. The only other parties currently named in the lawsuit, Medtronic, Inc. and Michael Jaro, have been served.

### II.  FACTS

#### A.  Plaintiff's Factual Summary

Plaintiff was employed by Defendant Medtronic, Inc. as Chief Patent Counsel from May 2004 to Nov 2015. Plaintiff is a highly qualified and recognized patent attorney, and was rated as outstanding during his employment for his leadership skills and attributing strategies that resulted in significant savings in billions of revenue for Defendant Medtronic, Inc.

Plaintiff was notified that he would be laid off in a one-person Reduction in Force ("RIF") that was inconsistent with work performance and company restructuring. Although Plaintiff found alternate employment while he was on a medical leave, before the one-person RIF could be implemented, he claims the one-person RIF was pretext for sexual orientation and disability discrimination. The Shared Appreciation Loan Note was to compensate the Plaintiff for California's high cost of living, and is ordinarily forgiven for executives at the level that Plaintiff worked.

#### B.  Defendants' Factual Summary

Defendants deny Plaintiff's allegations in every respect, including because Plaintiff was

terminated as part of a reduction in force, which is a legitimate, non-discriminatory reason. Defendants have also asserted affirmative defenses in their general denial.

Plaintiff and Defendant Medtronic, Inc. entered into a Shared Appreciation Loan Note with a principal sum of $250,000, during the course of Plaintiff's employment, which Plaintiff has not re-paid, in breach of the terms of the Loan. Defendant Medtronic, Inc. demanded repayment of the Loan on July 30, 2018 and intends to file a motion for leave to file a counterclaim, to assert causes of action for breach of contract and/or unjust enrichment against Plaintiff.

### III.  LEGAL ISSUES

At present, the Parties are not aware of any material disputes on issues of law. The disputes will be primarily relating to the facts and the implications from those facts.

### IV.  MOTIONS

There are no prior or pending motions. The Parties reserve their right to file motions for summary judgment and/or partial summary judgment. The Parties shall file discovery motions and motions *in limine* as necessary. Defendant Medtronic, Inc. intends to file a motion for leave to file a counterclaim, to assert causes of action for breach of contract and/or unjust enrichment against Plaintiff.

### V.  AMENDMENT OF PLEADINGS

At present, Plaintiff does not anticipate amending his Complaint.

Defendant Medtronic, Inc. intends to file a motion for leave to file a counterclaim, to assert causes of action for breach of contract and/or unjust enrichment against Plaintiff.

### VI.  EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P 26(f) regarding reasonable and proportionate steps to preserve evidence. They will continue to meet and confer on this issue as discovery advances. Counsel for the Parties have instructed their clients to preserve all evidence that can be deemed relevant to this action. The Parties have been instructed not to destroy or delete any relevant documentary evidence, including e-mail and electronic data.

### VII. **DISCLOSURES**

The Parties have agreed to complete initial disclosures by August 14, 2018.

### VIII. **DISCOVERY**

At this time, discovery has not commenced and the Parties are not aware of any anticipated discovery disputes. The Parties envision exchanging written discovery requests, followed by depositions of the Parties and other key witnesses. The Parties have not yet stipulated to an e-discovery order or other discovery plan, but will meet and confer on this as need arises. The Parties do not believe any limitations or modifications to the discovery rules are necessary.

### IX. **CLASS ACTION**

This case is not a class action.

### X. **RELATED CASES**

The Parties are not aware of any related cases or proceedings.

### XI. **RELIEF**

#### A. **Plaintiff's Position of Relief Sought**

Plaintiff seeks to recover for the forced exercise of equities due to the RIF notices, reimbursement of expenses, lost wages, damages for lost earning capacity, general and punitive damages.

#### B. **Defendants' Position of Relief Sought**

Defendants deny all liability, deny that Plaintiff has been damaged in any amount, and contend that Plaintiff should take nothing by means of this lawsuit. Further, Defendant Medtronic, Inc. has been damaged pursuant to Plaintiff's breach of the terms of the Shared Appreciation Loan Note and Amended Shared Appreciation Loan note and will seek compensatory damages in the principal sum of $250,000.00 plus contingent interest, together with pre-judgment and post-judgment interest as provided by the Loan and as provided by law and disgorgement of any and all profits and monetary benefits Plaintiff unjustly gained in violation of the Loan, and for costs of suit, including reasonable attorneys' fees.

### XII. **SETTLEMENT AND ADR**

The Parties have agreed to request an early settlement conference before Magistrate Judge

Jacqueline Scott Corley. The Parties filed a Notice of Need for ADR Phone Conference on July 26, 2018 (Dkt. No. 15). A phone conference call was set by the ADR Program Case Administrator for August 8, 2018, at 10:00 am (Dkt. No. 16), at which time the Parties requested that Judge Corley preside over an early settlement conference.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to a magistrate judge for all purposes.

### XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

None at this time.

### XVI. EXPEDITED SCHEDULE

The Parties do not believe this case is appropriate for handling on an expedited basis with streamlined procedures.

### XVII. SCHEDULING

The Parties propose the following scheduling:

| | |
|---|---|
| Initial Disclosures | August 14, 2018 |
| Non-Expert Discovery Cutoff: | 150 days before trial |
| Expert Witness Disclosure: | 90 days before trial |
| Rebuttal Expert Witness Disclosure: | 75 days before trial |
| Expert Discovery Cut-off: | 60 days before trial |
| Hearing of Dispositive Motions: | 120 days before trial |
| Pretrial Conference: | 30 days before trial |
| Trial: | 12-18 months after CMC |

### XVIII. TRIAL

The Plaintiff has made a timely jury trial demand. Defendants anticipate that Trial will last approximately five to seven court days. Plaintiff anticipates that Trial will last approximately seven

to ten court days.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants have filed a "Certificate[s] of Interested Entities or Persons," pursuant to Local Rule 3-15 (Dkt. No. 2) and a Corporate Disclosure Statement (Dkt. No. 3). The only person(s) or entities having any interest, including a financial interest, in the subject matter are: (1) Plaintiff David Ruschke; (2) Defendant Medtronic, Inc.; (3) Defendant Medtronic, PLC; and (3) Defendant Michael Jaro.

**XX.   PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.   OTHER MATTERS**

None.

Dated: August 9, 2018                               PATTEN SMITH LLP


                                                    By:   */s/ Dow Patten*
                                                          Dow Patten
                                                          Attorney for Plaintiff
                                                          DAVID RUSCHKE


Dated: August 9, 2018                               WINSTON & STRAWN LLP


                                                    By:   */s/ Raquel M. Mason*
                                                          Laura R. Petroff
                                                          Raquel M. Mason
                                                          Attorneys for Defendants
                                                          MEDTRONIC, INC. and
                                                          MICHAEL JARO

**ECF ATTESTATION**

Pursuant to Civil L.R. 5.1, the filer attests that concurrence in the filing of this document has been obtained from each of the signatories thereto.

Executed on August 9, 2018 in San Francisco, California.

*/s/ Raquel M. Mason*
Raquel M. Mason