UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID RUSCHKE,

    Plaintiff,

    v.

MEDTRONIC, PLC, et al.,

    Defendants.

Case No. 18-cv-02515-PJH

**ORDER GRANTING LEAVE TO FILE COUNTERCLAIM AND VACATING HEARING**

Re: Dkt. No. 23

    Before the court is defendant Medtronic, PLC's ("Medtronic") motion for leave to file a counterclaim. The matter is unopposed and suitable for decision without oral argument. Accordingly, the hearing set for November 7, 2018 is VACATED. Having read Medtronic's papers and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

    Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2); see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality").

    "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); accord Foman v. Davis, 371 U.S. 178, 182 (1962). "[T]he consideration of prejudice to the opposing party . . . carries the greatest

weight. Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).

Here, the court is not aware of any facts showing that Medtronic has acted in bad faith or unduly delayed bringing this motion. According to the information before the court, Medtronic has been attempting to negotiate its proposed counterclaim with plaintiff since July 2018. See Dkt. 23-2 ("Mason Decl.") ¶¶ 2–3. In August 2018, Medtronic informed plaintiff of its intent to bring a counterclaim in this action, and plaintiff advised that he anticipated such a motion could be resolved by stipulation. Id. ¶¶ 4–5.

The same facts demonstrate that plaintiff will not suffer undue prejudice from amendment. First, he has not opposed the motion and therefore has not given the court any basis to believe that he would suffer undue prejudice. Moreover, he has been aware of Medtronic's general claims since at least July 30, 2018, when Medtronic sent plaintiff loan documentation and requested immediate payment of a loan. Mason Decl. ¶¶ 2–3 & Ex. 1. Finally, trial is not scheduled to begin for nearly a year, on September 23, 2019.

At this point, Medtronic's claims do not appear to be futile under Rule 15, nor does plaintiff argue otherwise.

Finally, Medtronic has not previously amended its pleadings.

The court finds that permitting Medtronic to amend its pleadings to add its proposed counterclaim would enhance efficiency for the parties and the court by saving each from litigating parallel actions. As such, the interests of justice support granting Medtronic's motion for leave to amend.

/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

For the foregoing reasons, Medtronic's motion for leave to amend its pleadings to add a counterclaim is GRANTED.  Medtronic shall file its amended pleadings within 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated:  October 31, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge