LAURA R. PETROFF (SBN: 123215)
lpetroff@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

RAQUEL M. MASON (SBN: 301747)
rmason@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Defendants
MEDTRONIC, INC.
MICHAEL JARO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. DAVID RUSCHKE, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>MEDTRONIC, PLC., formerly MEDTRONIC, INC.; KEITH JARO, an individual, and DOES 1 through 10, inclusive,<br><br>  Defendants. | **Case No. 4:18-cv-02515-PJH**<br><br>*[Case assigned to Hon. Phyllis J. Hamilton]*<br><br>**DEFENDANT MEDTRONIC, INC.'S COUNTERCLAIM FOR:**<br>  **(1) BREACH OF CONTRACT**<br>  **(2) UNJUST ENRICHMENT** |

Defendant and Counter-Claimant Medtronic, Inc. ("MEDTRONIC") alleges as follows:

## PARTIES

1. MEDTRONIC is, and at all times relevant hereto, a citizen of the State of Minnesota, its place of incorporation and principal place of business.

2. MEDTRONIC is informed and believes and thereon alleges that Plaintiff and Counter-Defendant DR. DAVID RUSCHKE ("RUSCHKE") is, and at all times relevant was, a citizen of the State of California.

## GENERAL ALLEGATIONS

3. In this action. MEDTRONIC seeks damages resulting from breach of a written contact, disgorgement of financial benefits, and all other remedies available at law or equity in connection with wrongful conduct engaged in by RUSCHKE against MEDTRONIC, RUSCHKE'S former employer, in violation of contractual and common law duties. The gravamen of the claims asserted herein is that RUSHCKE has breached the terms of a shared appreciation loan (including all subsequent amendments thereto), which formed a written contract between RUSCHKE and MEDTRONIC.

4. On or about May 17, 2007, MEDTRONIC and RUSCHKE entered into a written Shared Appreciation Loan Note under which MEDTRONIC loaned $250,000, the value received, to RUSCHKE, as a 10-year shared appreciation loan in order for RUSCHKE to obtain property in California. The indebtedness was secured by RUSCHKE's property in Santa Rosa, California. On September 26, 2011, the Parties entered into the Amended and Restated Shared Appreciation Loan, which amended the loan so that the indebtedness was instead secured by RUSCHKE's property in Baltimore, Maryland. A true and correct copy of the Shared Appreciation Loan Note is attached hereto as <u>Exhibit A</u>, and the Amended and Restated Shared Appreciation Loan is attached hereto as <u>Exhibit B</u> (collectively, the "SAL").

5. The SAL provided that RUSCHKE promises to pay MEDTRONIC "the principal sum of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000.00), plus contingent interest." *See* Exs. A-B. The interest includes 89% of the net appreciated value of the property, if any, securing the note, which is "due and owing" to MEDTRONIC upon the occurrence of any one of the certain

1  events described in the SAL, but no later than May 17, 2017. *See id.* The SAL further provided that

2  "in the event principal and Contingent Interest hereunder are not paid by Borrower to Lender within

3  thirty (30) days of the date the same become due, then the sum of the outstanding principal and

4  Contingent Interest shall, until paid in full, bear interest at the rate of Eight Percent (8%) per annum

5  or, if a greater amount is permitted under applicable law, at the highest rate permitted by law." *See*

6  *id.*

7      6.      On July 30, 2018, MEDTRONIC requested immediate payment from RUSHCKE of

8  the Principal Amount of $250,000, plus interest, according to the terms of the SAL, because the

9  payment was past due. RUSCHKE has continued to refuse to pay MEDTRONIC the principal loan

10 amount and contingent interest, according to the terms of the SAL.

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

13     7.      Paragraphs 1 through 6 are incorporated herein by reference.

14     8.      MEDTRONIC has performed all conditions, covenants, and promises required on its

15 part to be performed according to the SAL except those for which it is or has been excused or

16 prevented from performing.

17     9.      MEDTRONIC is informed and believes, and thereupon alleges, that RUSCHKE

18 breached the SAL by, among other things, failing to pay MEDTRONIC the principal loan amount

19 and contingent interest when it was due and owing according to the terms of the SAL.

20     10.     As a direct and proximate result of RUSCHKE'S said material breach, MEDTRONIC

21 has been damaged in the sum of $250,000 plus contingent interest, and legal interest, commencing

22 30 days after the date the same became due, according to the terms of the SAL. The exact amount of

23 MEDTRONIC's damages will be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment)

26     11.     Paragraphs 1 through 10 are incorporated herein by reference.

27     12.     On information and belief, RUSCHKE received a benefit and was unjustly enriched

28 by his wrongful conduct described herein, to MEDTRONIC's detriment.

13. MEDTRONIC also seeks disgorgement of any and all profits and monetary benefits RUSCHKE unjustly gained in violation of the SAL, according to the terms of the SAL.

**PRAYER FOR RELIEF**

**WHEREFORE**, MEDTRONIC prays for Judgment as follows:

1. For compensatory damages in the principal sum of $250,000.00 plus contingent interest, together with pre-judgment and post-judgment interest as provided by the SAL and as provided by law;

2. For disgorgement of any and all profits and monetary benefits RUSCHKE unjustly gained in violation of the SAL;

3. For costs of suit incurred herein, including but not limited to reasonable attorneys' fees and expenses; and

4. For such other and further relief as the Court may deem just and proper.

**JURY DEMANDED**

MEDTRONIC requests a trial by jury.

Dated: November 2, 2018                WINSTON & STRAWN LLP


                                       By:  */s/ Raquel M. Mason*
                                            Laura R. Petroff
                                            Raquel M. Mason
                                            Attorneys for Defendant
                                            MEDTRONIC, INC.