# Exhibit B

## AMENDED AND RESTATED
## SHARED APPRECIATION LOAN

THIS IS AN AMENDMENT AND RESTATEMENT OF THAT CERTAIN SHARED APPRECIATION LOAN NOTE DATED MAY 17, 2007 (THE "ORIGINAL NOTE"). THE LENDER'S INTEREST ON THE LOAN INCLUDES 89% OF THE NET APPRECIATED VALUE OF THE PROPERTY SECURING THIS NOTE WHICH IS DUE AND OWING LENDER UPON THE OCCURRENCE OF ANY ONE OF CERTAIN EVENTS DESCRIBED IN THIS NOTE, INCLUDING THE SALE OR TRANSFER OF THE PROPERTY SECURING THIS NOTE.    FOR FURTHER INFORMATION, READ THE NOTICE ENTITLED "IMPORTANT INFORMATION ABOUT MEDTRONIC, INC. SHARED APPRECIATION LOAN."

**$250,000.00**
(Principal Amount)

**Santa Rosa, CA**
**Baltimore, MD**
(City/State)

### September 26, 2011
(Date)

FOR VALUE RECEIVED, David P. Ruschke ("Borrower"), promises to pay to MEDTRONIC, INC. ("Lender"), or to its order, the principal sum of Two Hundred Fifty Thousand Dollars and 00/100 ($250,000,00), plus contingent interest ("Contingent Interest") as provided in this Amended and Restated Shared Appreciation Note ("Note"). No interest other than Contingent Interest shall be payable on this Note; provided, however, that in the event principal and Contingent Interest hereunder are not paid by Borrower to Lender within thirty (30) days of the date the same become due, then the sum of the outstanding principal and Contingent Interest shall, until paid in full, bear interest at the rate of Eight Percent (8%) per annum or, if a greater amount is permitted under applicable law, at the highest rate permitted by law to be charged by Lender. Except as provided above, and subject to the provisions of paragraphs 1, 2 and 3 hereof regarding the payment of principal and Contingent Interest, no payments shall be due hereunder until May 17, 2017 ("Maturity"), at which time the entire principal balance of this Note plus Contingent Interest shall be due and payable. All payments required to be made by Borrower hereunder shall be payable in lawful money of the United States of America at 710 Medtronic Parkway NE, Minneapolis, Minnesota 55432-5604, or such other place as Lender shall designate. This Note replaces and supersedes the Original Note.

1.    . The indebtedness evidenced by this Note is secured by a Deed of Trust (the "Deed of Trust") from Borrower, as trustor to First American Title Company, as trustee, in favor of Lender, as beneficiary, covering certain real property located in Baltimore County, Maryland, as more particularly described in the Deed of Trust (the "Property"), dated September 26, 2011. All covenants, conditions and agreements contained in the Deed of Trust are hereby made a part of this Note to the same extent and with the same force and effect as if they were fully set forth herein. The Deed of Trust provides, in part, that if Borrower shall at any time sell, contract to sell, lease with option to purchase, convey, alienate, transfer or otherwise dispose of all or any portion of the Property or any interest therein, whether voluntarily or involuntarily, by operation of law or otherwise, except only for any encumbrance of the Property subordinate to the Deed of Trust (hereinafter referred to as a "Transfer" of the Property), Lender shall have the right to declare the entire principal amount of this Note then outstanding, plus Contingent Interest and all other sums or payments required under this Note and the Deed of Trust, to be due and payable

1

immediately, and notwithstanding the stated Maturity of this Note, the principal amount thereof, plus Contingent Interest and all other sums or payments required under this Note and the Deed of Trust shall immediately become due and payable. Borrower will be deemed to waive any notice requirement otherwise required regarding demand of the Note by any of the Borrower's aforementioned actions. Notwithstanding the foregoing, the Deed of Trust provides that Lender may accelerate the loan upon a foreclosure under any encumbrance of the Property regardless of whether such encumbrance is superior or subordinate to the Deed of Trust. Nothing in the foregoing language shall limit Medtronic, Inc. from transferring, assigning, or otherwise disposing of its interest in the Deed of Trust. In the event that there is any actual conflict between the express terms of this Note and the express terms of the Deed of Trust, the terms of this Note shall prevail.

2. Borrower and Lender agree that they shall initiate the appraisal process for the Property described in Section 3(b) below upon the occurrence of any Adjustment Event as hereinafter defined or any other event described in the first sentence of Section 3 below. An Adjustment Event shall be deemed to take place upon the first to occur of:

(a) The date on which Employee transfers part or all of his or her interest in the Property, or his or her interest is transferred by operation of law or otherwise;

(b) The date on which Employee's employment relationship with the Lender has been terminated for any reason, whether voluntarily or involuntarily; or

(c) One year from the date on which Lender notifies Borrower in writing that as a result of Employee's disability Lender desired to call all outstanding principal, Contingent Interest and other sums owing under the Note and the Deed of Trust immediately due and payable. A long-term disability will be deemed to have occurred after the disability prevents the Employee from working on a regular and continuous basis for Lender for a period of at least 6 months.

3. At the earliest of the date of: (i) an Adjustment Event, (ii) Maturity, (iii) any acceleration of the Maturity date of this Note, or (iv) prepayment of the indebtedness evidenced by this Note in full (collectively called "Payment Due Date"), Borrower shall pay to Lender, as Contingent Interest, an amount equal to 89% of the amount, if any, by which the Appreciated Value (as hereinafter defined) of the Property at such earliest date exceeds the Borrower's Cost (as hereinafter defined).

(a) The "Borrower's Cost" is the sum of, without duplication: (i) $280,000 (the current fair market value of the Property as established by an appraisal dated September 19, 2011 prepared by Robinson Appraisal Group, L.L.C.), and (ii) the value of Capital Appreciation as a result of Capital Improvements made by Borrower to the real property commonly known as 1412 Bolton Street in Baltimore, Maryland, as more fully described in the Deed of Trust (the "Property"). As used herein, the term Capital Improvements are deemed Capital Improvements under standard accounting practices

(b) "Appreciated Value" is the greater of the Fair Market Value of the Property determined as set forth in this Section 3(b) or the total consideration received by Borrower for any Transfer of the Property on account of which Contingent Interest is payable. The Fair Market Value of the Property shall be determined by Borrower and Lender as follows:

(i)  Within sixty (60) days of the applicable date set forth in the first sentence of Section 3 above, Borrower and Lender shall each appoint one appraiser who is qualified as a Senior Residential Appraiser of the Society of Real Estate Appraisers.  If Borrower fails to submit the name of an appraiser to Lender within such sixty (60) day period, then Lender may select one appraiser and the appraisal for the Property submitted to Lender by such appraiser shall be the Fair Market Value of the Property.  If, however, the higher of the two appraisals exceeds the lower appraisal by greater than five percent (5%), the two appraisers shall appoint a third appraiser to appraise the Property.  The third appraisal shall be averaged with the previous two appraisals, and the average of the three appraisals shall be deemed the Fair Market Value of the Property.  The cost of the appraisals shall be borne by the Lender.

(ii)  If the Property has been damaged (other than normal wear and tear) and the damage has not been fully repaired, the determination of Fair Market Value of the Property shall be based on the condition of the Property as though the Property had been fully repaired.

(iii)  Borrower will give the appraisers prompt and reasonable access to the Property.  Notwithstanding anything to the contrary herein, an appraisal shall be valid for six months only, and thereafter, if the Fair Market Value of the Property must be determined in order to comply with the terms of this Note, the Property shall be appraised again as described above.

(c)  In the event of the occurrence of an Adjustment Event pursuant to which Borrower remits to Lender a payment of Contingent Interest, Contingent Interest shall continue to accrue on the outstanding principal balance of the Note until Maturity.  At Maturity, Borrower shall receive a credit against the total Contingent Interest due under this Note equal to any Contingent Interest actually previously paid by Borrower to Lender as a result of the Adjustment Event.

4.  Borrower and Lender acknowledge that in the event the "Appreciated Value" of the Property calculated pursuant to Section 3(b) above does not exceed the "Borrower's Cost," as defined therein, no Contingent Interest shall be due Lender and Lender shall not be required to compensate Borrower in any manner as a result of any decrease in the value of the Property or any other failure of the Appreciated Value to exceed the Borrower's Cost.

5.  Lender may procure and maintain a policy of credit life insurance on the life of Borrower (the "Policy"), in the amount of the outstanding principal of the Note, and Lender shall be responsible for payment of the premiums due from time to time on the Policy.  In the event of the death of the Borrower, proceeds from the Policy shall be applied to the outstanding principal of the Note, and all Contingent Interest on the Note shall be forgiven by Lender.

6.  If Borrower defaults under this Note or the Deed of Trust, then the entire principal amount outstanding under this Note, plus Contingent Interest and all other sums or payments required under this Note or the Deed of Trust shall, at the option of Lender, become immediately due and payable.  Lender may exercise this option to accelerate following any default by Borrower regardless of any prior forbearance.

7.  In the event Lender forecloses the Deed of Trust securing this Note (either judicially or under the power of sale as provided in the Deed of Trust), the sum which the Lender may bid or demand pursuant to the Deed of Trust at any such foreclosure sale or in any of the Notices or other procedural requirements relating to such foreclosure sale shall include, in addition to the amount of unpaid principal and other permitted amounts, the amount of Contingent Interest due Lender.  In either case, the amount of Contingent Interest due Lender shall be determined as

3

provided under the terms of this Note, and the Appreciated Value of Property shall be determined in accordance with Section 3(b) above.  Borrower agrees to be bound by such a determination of the amount of Contingent Interest due Lender for all purposes of such foreclosure and sale.

**8.**     Upon any Transfer of the Property, Borrower shall furnish to Lender an executed copy of the seller's copy of HUD Form 1 or other closing statement signed by Borrower and the purchaser and such other evidence of the sale price as Lender may reasonably request.

**9.**     Borrower may prepay the principal amount outstanding in whole or in part without penalty; provided that no partial prepayment shall reduce the amount of contingent interest payable to Borrower hereunder.

**10.**     Presentment, notice of dishonor, demand, protest, any release or discharge arising from any extension of time, discharge of a prior party, release of any or all of the security for this Note, or other cause of release or discharge other than actual payment in full hereof are hereby waived by all makers, sureties, guarantors and endorsers hereof.  This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

**11.**     Borrower shall have no right of set-off under this Note.

**12.**     Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the address stated below, or to such other address as Borrower may designate by notice to Lender:

> David P. Ruschke
> 1483 Los Alamos Road
> Santa Rosa, CA  95409

 Any notice by Borrower to Lender shall be given by mailing such notice by certified mail, return receipt requested, to Lender as follows:

> Medtronic, Inc.
> ATTN:  Corporate Employee Relocation
> 710 Medtronic Parkway
> Minneapolis, MN  55432-5604

or at such other address as may have been designated by notice to borrower.

**13.**     In the event of a lawsuit or other proceeding to enforce or interpret the provisions of this Note and/or the Deed of Trust, the party not prevailing in such lawsuit or other proceeding shall pay to the other party the costs of such proceeding and reasonable attorneys' fees in such amount as the court shall determine.

**14.**     If any provision of this Note is invalid or unenforceable under any state law which is not preempted by federal law, regulation or order, such provision shall have no effect except to the extent permitted by such law, regulation or order, but all other provisions of this instrument shall remain in full force and effect.

15.     The failure of Lender to enforce any of the provisions of this Note at any time shall not be construed to be a waiver of any such provisions or of the right of Lender thereafter to enforce any such provision.

16.     This Note shall be construed in accordance with and governed by the laws of the State of Maryland.

17.     Nothing herein shall be deemed to constitute Borrower and Lender as joint venturers and the relationship of Borrower and Lender hereunder shall only be that of debtor and creditor.

18.     Borrower represents and warrants to Lender that Borrower owns fee title to the Property free and clear of any mortgages or deeds of trust, such that the Deed of Trust will be in senior position to any other mortgage or deed of trust.   Borrower acknowledges that Lender is relying on this representation and warranty in entering into this Note. Borrower shall cooperate with Seller in taking any additional actions and executing any additional documents necessary to record the Deed of Trust and/or to otherwise perfect Lender's senior position with respect to the Property.

19.     THE LOAN EVIDENCED BY THIS NOTE IS PAYABLE IN FULL NOT LATER THAN MAY 17, 2017 OR SUCH EARLIER DATE AS MAY RESULT FROM THE ACCELERATION HEREOF.  AT MATURITY YOU MUST PAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND THE INTEREST.  LENDER IS NOT OBLIGATED TO REFINANCE THE UNPAID PRINCIPAL BALANCE OF THE LOAN OR INTEREST AT THAT TIME; YOU ALONE WILL BE RESPONSIBLE FOR OBTAINING REFINANCING. IF YOU REFINANCE THE LOAN, YOUR PAYMENTS MAY BE SUBSTANTIALLY AFFECTED. IN ADDITION, IF YOU REFINANCE THE LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM LENDER FOR THE LOAN.

This Note is made and entered into as of the date stated on the first page hereof.

Property Address:
1412  Bolton Street
Baltimore  MD 21217
Dated:  September 26, 2011               Borrower: _____

                                                              **David P. Ruschke**

834041

5