SMITH PATTEN
DOW W. PATTEN, ESQ. (SBN: 135931)
888 S. Figueroa St., Suite 2030
Los Angeles, CA 90017
Telephone: (213) 488-1300; (415) 402-0084
Facsimile: (213) 260-8501; (415) 520-0104

Attorneys for Plaintiff
DR. DAVID RUSCHKE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. DAVID RUSCHKE, an individual,<br><br>Plaintiff,<br>v.<br><br>MEDTRONIC, PLC, formerly MEDTRONIC, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 4:18-CV-02515-PJH<br><br>**DR. DAVID RUSCHKE'S ANSWER TO COUNTERCLAIM** |

Comes now, DR. DAVID RUSCHKE, through the undersigned counsel of record, and submits the following Answer to the Counterclaim filed in this matter.

1. Answering Paragraph 1 of the Counterclaim, Plaintiff responds: Plaintiff admits the allegations.

2. Answering Paragraph 2 of the Counterclaim, Plaintiff responds: Plaintiff admits the allegations.

3. Answering Paragraph 3 of the Counterclaim, Plaintiff responds: Plaintiff admits that Medtronic is seeking damages, but denies the remaining allegations of the paragraph.

4. Answering Paragraph 4 of the Counterclaim, Plaintiff responds: Plaintiff is without sufficient information to either admit or deny the allegations and therefore denies same.

5. Answering Paragraph 5 of the Counterclaim, Plaintiff responds: Plaintiff is without

sufficient information to either admit or deny the allegations and therefore denies same.

6. Answering Paragraph 6 of the Counterclaim, Plaintiff responds: Plaintiff is without sufficient information to either admit or deny the allegations and therefore denies same.

7. Answering Paragraph 7 of the Counterclaim, Plaintiff responds: Plaintiff is without sufficient information to either admit or deny the allegations and therefore denies same.

8. Answering Paragraph 8 of the Counterclaim, Plaintiff responds: Plaintiff denies the allegations.

9. Answering Paragraph 9 of the Counterclaim, Plaintiff responds: Plaintiff denies the allegations.

10. Answering Paragraph 10 of the Counterclaim, Plaintiff responds: Plaintiff denies the allegations.

11. Answering Paragraph 11 of the Counterclaim, Plaintiff responds: Plaintiff is without sufficient information to either admit or deny the allegations and therefore denies same.

12. Answering Paragraph 12 of the Counterclaim, Plaintiff responds: Plaintiff denies the allegations.

13. Answering Paragraph 13 of the Counterclaim, Plaintiff responds: Plaintiff denies the allegations.

**FIRST AFFIRMATIVE DEFENSE**

As a first and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred for failure to state a claim.

**SECOND AFFIRMATIVE DEFENSE**

As a second and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

As a third and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred under accord and satisfaction.

**EIGHTH AFFIRMATIVE DEFENSE**

As a eighth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred or must be reduced because Defendant failed to mitigate any alleged damages, and any recovery must therefore be reduced or barred.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred or must be reduced by failure to accept reasonable settlement offers.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred as it is ambiguous by not stating the amount claimed as damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred due to Counterclaimant's own breach of any and all agreements alleged in the Counterclaim.

**TWELFTH AFFIRMATIVE DEFENSE**

As an twelfth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by the equitable doctrine of unjust enrichment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As an thirteenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred due to Counterclaimant's own breach of any and all agreements alleged in the Counterclaim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As an fourteenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred due to illegality.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As an fifteenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by fraud, deceit, and/or misrepresentation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As an sixteenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by failure of consideration.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As an seventeenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by the doctrine of frustration of purpose.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As an eighteenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by the doctrine of impossibility or impracticability.

**NINETEENTH AFFIRMATIVE DEFENSE**

As an nineteenth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by the failure of condition precedent.

**TWENTIETH AFFIRMATIVE DEFENSE**

As an twentieth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by the doctrine of frustration of purpose.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As an twenty-first and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred by prevention of performance.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As an twenty-second and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred because Counterclaimant has no standing.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As an twenty-third and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff alleges that each is barred as the alleged agreements violate public policy.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As an twenty-fourth and separate affirmative defense against all claims asserted in the Counterclaim, Plaintiff reserves the right to allege further affirmative defenses as facts supporting such defenses are uncovered in discovery.

WHEREFORE, Plaintiff/Counterdefendant prays judgment as follows

1. That Defendant/Counterclaimant take nothing by way of the Counterclaim;

2. That the Counterclaim be dismissed in its entirety;

3. That judgment be entered in favor of Plaintiff/Counterdefendant against Defendant/Counterclaimant;

4. For attorneys fees and costs of suit;

5. For such other relief as the Court may order in the interests of justice.

Dated: November 21, 2018

SMITH PATTEN

*/s/ DOW W. PATTEN*
DOW W. PATTEN
Attorney for Plaintiff
DR. DAVID RUSCHKE